# Illinois Official Reports

## Appellate Court

***People v. Carter*, 2014 IL App (1st) 122613**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KELVIN CARTER, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-2613 |
| Rule 23 Order filed<br>Rehearing denied<br>Modified upon<br>denial of rehearing | March 4, 2014<br>April 14, 2014<br><br>April 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's *sua sponte* dismissal of the petition defendant filed under section 2-1401 of the Code of Civil Procedure challenging the firearm enhancement of his sentence for murder was reversed and the cause was remanded on the ground that the dismissal was premature, since defendant served the petition by regular mail, not by summons, certified or registered mail or publication, as required by Supreme Court Rule 105(b), and although the prosecutor was in court, no formal waiver of service was entered on the record. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 02-CR-16884; the Hon. Kevin M. Sheehan, Judge, presiding. |
| Judgment | Judgment vacated; cause remanded for further proceedings. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Jennifer L. Bontrager, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Michelle Grimaldi Stein, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE PIERCE delivered the judgment of the court, with opinion. Justices Simon and Liu concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant appeals from the circuit court's *sua sponte* dismissal of his petition under section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2012)). He argues that this court must remand the case because the circuit judge's *sua sponte* dismissal of his petition for relief from judgment on the merits was premature given that the petition was not properly served on the State. We agree and for the foregoing reasons, remand the cause to the circuit court for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     Following a bench trial, defendant was convicted of the murder of Edmond Allen. This court upheld his conviction on appeal. *People v. Carter*, No. 1-04-1385 (Feb. 8, 2006) (unpublished order under Supreme Court Rule 23). Defendant's subsequent postconviction petition was dismissed by the trial court and that dismissal was also affirmed. *People v. Carter*, No. 1-07-2160 (May 8, 2009) (unpublished order under Supreme Court Rule 23).

¶ 4     Defendant mailed his section 2-1401 petition, wherein he challenged his sentence for the murder, on May 9, 2012. Specifically, defendant argued that the 25-year firearm enhancement he received was void because the trial judge only found him guilty of general murder and his sentence would only be 30 years in prison because that was the initial statement from the judge.

¶ 5     The petition was file stamped by the clerk of the circuit court on May 15, 2012. The petition was first docketed on the trial call on June 5, 2012. The cover page of the transcript of the proceedings on June 5, 2014, reflects only the judge and the court reporter were present when the court stated, "Kelvin Carter filed a *pro se* motion to vacate a judgment. Order of Court to 7/10 for court review."

¶ 6     On July 10, 2012, the trial judge dismissed the petition, stating that all of the counts of murder charged defendant with shooting and killing the victim with a firearm, and he concluded that the requisite findings had been made to impose the firearm enhancement. The transcript of the proceeding reflects the trial court stating, "[a]lso post-conviction petition

2-1401 petition, Kelvin Carter, he's on sheet one. Mr. Carter is not present, he's in IDOC custody. His 2-1401 petition is dismissed. Copy of the written order in the file is to be sent to defendant by the clerk within ten days." This is the full extent of the oral record regarding this petition on the date of dismissal. It is from this dismissal that defendant now appeals.

¶ 7                                        ANALYSIS

¶ 8      Defendant argues that this court must remand this case to the circuit court because the court's *sua sponte* dismissal of his section 2-1401 petition on the merits was premature, given that the petition was not properly served on the State. According to the proof of service attached to the section 2-1401 petition, defendant mailed his petition on May 9, 2012, and attempted to serve the State by placing the documents in the institutional mail at the Menard Correctional Center "properly addressed to the parties listed above for mailing through the United States Postal Service."

¶ 9      The State counters that defendant's argument should be rejected because an assistant State's Attorney was in court at the time the petition was dismissed and had actual knowledge of defendant's section 2-1401 petition. The State waived improper service by not objecting to it. As such, the 30-day time limit commenced and the case was ripe for adjudication when it was dismissed for failure to state a cause of action more than 30 days after it was received by the court.

¶ 10     Section 2-1401 provides a statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from their entry. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Pursuant to Illinois Supreme Court Rule 101(d) (eff. May 30, 2008), which governs section 2-1401 of the Civil Code, once a party files a petition for relief, the opposing party has 30 days to answer the petition or otherwise plead. See also *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009).

¶ 11     Section 2-1401(b) requires "[a]ll parties to the petition [to] be notified as provided by rule." 735 ILCS 5/2-1401(b) (West 2012). Pursuant to Illinois Supreme Court Rule 106, notice of the filing of section 2-1401 petitions "shall be given by the same methods provided in Rule 105." Ill. S. Ct. R. 106 (eff. Aug. 1, 1985). According to Illinois Supreme Court Rule 105, service cannot be made by regular mail. Instead it must be served in the same manner as service by summons, by prepaid certified or registered mail, or by publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). We review the dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 12     In *Vincent*, our supreme court held that a trial court may *sua sponte* dismiss a section 2-1401 petition without providing a defendant with notice or an opportunity to address the court, reasoning that because section 2-1401 proceedings are subject to the usual rules of civil procedure, when the State fails to answer a defendant's petition the failure to answer constitutes an admission of all well-pleaded facts. *Id*. at 9-14. The *Vincent* court also held that the State's failure to answer the petition rendered the case "ripe for adjudication." *Id*. at 10. Subsequently, in *Laugharn*, 233 Ill. 2d at 323, our supreme court held that in a case where the State fails to answer a defendant's petition, the case will not be ripe for adjudication until 30 days have passed from the time of service. *Id*. Hence, a trial court may only properly *sua sponte* dismiss a section 2-1401 petition 30 days from the date of service. *Id*. Therefore, in accordance with *Vincent* and *Laugharn*, we look to the date of service to determine whether the

trial court properly *sua sponte* dismissed defendant's section 2-1401 petition. See Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989); *Laugharn*, 233 Ill. 2d at 323-24.

¶ 13    Defendant argues that the State was not properly served because defendant placed the petition for mailing with the United States Post Office and therefore the petition was not ripe for adjudication when the court dismissed it. The State counters that it is not clear from the record on appeal that defendant's service did not comply with the requirements of Rule 105(b).

¶ 14    We agree with defendant that the State was not properly served in this case. Contrary to the State's argument, the record clearly shows that in defendant's "Proof/Certificate of Service" he attempted to serve the State by placing the documents in the institutional mail at the Menard Correctional Center "properly addressed to the parties listed above for mailing through the United States Postal Service." There is nothing in the record that contradicts this information, nor does either party offer anything to the contrary.

¶ 15    The State argues that it effectively waived service by appearing in court and not objecting to improper service. The transcript of the proceedings on June 5, 2014, shows only the judge and the court reporter were present when the court stated, "Kelvin Carter filed a *pro se* motion to vacate a judgment. Order of Court to 7/10 for court review." From this brief, two-sentence statement of the trial court we can assume nothing regarding the State's knowledge of this petition.

¶ 16    When the case next appeared on the court's call on July 10, 2012, the cover page of the report of proceedings reflected that an assistant State's Attorney was "present." The assistant State's Attorney did not make any comment on the record that it was appearing or waiving service. No questions were directed to or comments solicited from the prosecutor by the court. From this record, the State contends it waived the requirement of proper statutory service of the petition.

¶ 17    In its petition for rehearing, the State argues that requiring the State to formally waive service directly conflicts with this court's recent opinion in *People v. Ocon*, 2014 IL App (1st) 120912. In *Ocon*, the defendant argued that the trial court's *sua sponte* dismissal of his section 2-1401 petition was improper as premature because the State had not been properly served with the defendant's petition. In support of his argument, the defendant cited *People v. Prado*, 2012 IL App (2d) 110767, and *People v. Nitz*, 2012 IL App (2d) 091165.

¶ 18    In *People v. Nitz*, the defendant's proof of service showed that he mailed his section 2-1401 petition to the circuit court for filing but there was no proof of service on the State. The trial court *sua sponte* dismissed the petition. A panel of the Second District of this court reasoned that the dismissal was proper because the failure to give notice amounted to a deficient pleading. However, the *Nitz* court held the dismissal was premature because the 30 days for the State to respond had not commenced. It concluded that the appropriate action was to dismiss the petition without prejudice for a failure to comply with section 2-1401, reasoning that a remand for further proceedings would be meaningless where no further proceedings would occur, because the State would never move to answer or move to dismiss the petition, and the court would be unable to take any action while the case remained permanently on its docket. *Id.* ¶ 13.

¶ 19    In *People v. Prado*, defendant sent service of his section 2-1401 petition to the State through regular mail. The trial court *sua sponte* dismissed the petition. On appeal, a panel in the Second District court agreed with the holding in *Nitz* that the dismissal on the merits was premature when service was improper, but disagreed that dismissal without prejudice was the

proper disposition. Instead, the *Prado* court agreed with the decision in *Powell v. Lewellyn*, 2012 IL App (4th) 110168, ¶ 14, wherein the Fourth District noted that remanding for further proceedings would not be meaningless or result in the case being indefinitely set on the court's docket. The *Prado* court found that an immediate *sua sponte* dismissal even without prejudice was premature. The court's reasoning was consistent with *Lewellyn*, that "if defendant wishes to have his case heard, he can promptly serve the State. [Citation.] Otherwise, the trial court has the power to dismiss the case for want of prosecution, after a reasonable period of time." *Prado*, 2012 IL App (1st) 110767, ¶ 9. The court also stated that the action could be dismissed under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), if the defendant failed to exercise due diligence in serving the State. *Id*.

¶ 20        The *Ocon* court found that, unlike the cases cited by the defendant, an assistant State's Attorney was present in court when Ocon's petition was docketed and the subsequent dismissal by the trial court was entered after the 30-day period for a response had passed.

> "Although the record is unclear whether defendant properly served the State with his section 2-1401petition, the State had actual notice of the filing of the section 2-1401 petition. The report of proceedings from January 10, 2012, indicates that an assistant State's Attorney was present for defendant's case when the trial judge docketed the petition. This is in contrast with the facts in *Nitz* where the prosecutor was present only when the case was dismissed, which did not permit time for the State to receive notice of the petition and choose to respond." *Ocon*, 2014 IL App (1st) 120912, ¶ 31.

¶ 21        Unlike *Ocon*, there is no indication in this case that anyone other than the judge and the court reporter was present in court when defendant's petition was docketed on June 5, 2012. Only the cover page of the report of proceeding shows that an assistant State's Attorney was present when the petition was dismissed on July 10, 2012. Nothing indicates that the prosecutor had any knowledge of, and could therefore knowingly waive, service of the petition. The entire record of the court's dismissal of the petition reflects the trial court stating, "[a]lso post-conviction petition 2-1401 petition, Kelvin Carter, he's on sheet one. Mr. Carter is not present, he's in IDOC custody. His 2-1401 petition is dismissed. Copy of the written order in the file is to be sent to defendant by the clerk within ten days." The State did not make a single utterance or take any position on the existence or dismissal of defendant's section 2-1401 petition. We cannot assume the state had knowledge of the petition and waived service simply because the prosecutor was shown on the cover page of the transcript of the proceedings as "present" in court at the time the case was called.

¶ 22        We could assume the judge believed the State had been served because the circuit court clerk had also been served and the notice of mailing reflected the document was mailed to both entities. We could also assume the court made the assumption that the State need not or would not respond once it took the time to review the petition. We could further assume that the absence of any utterance attributed to the assistant State's Attorney is because the assistant was otherwise occupied and focused on other matters or was in fact unaware of the petition or that it was under consideration by the court. In short, there are many events that one could assume took place where the prosecutor was shown to be present that do not necessarily reflect service of the petition and an intentional waiver of service and right to respond.

¶ 23        The criminal justice system has many important moving parts, one being the prosecutor. It is not the function of the reviewing court to assume what the State "effectively" intended based

on the record before us. Prosecutors have a job to do and that job includes standing before the trial court and clearly and articulately stating the State's position regarding the matter at hand.

The State argues that in the interest of judicial economy we find that the State waived service and affirm the trial court. Judicial economy is best served when the prosecutor, in the first instance, affirmatively spreads of record whether the petition has been served and, if not, whether the State intends on waiving the required service. When this has been done, the trial court will be in a position to inquire whether the prosecution intends to file a response. Should the trial court then dismiss the petition, this potential appellate issue will be eliminated. Otherwise, notwithstanding the reasoned decision in *Ocon*, section 2-1401 defendants that use the same or similar method of service as used by the defendant in this case will routinely seek appellate review.

Because a case is not ripe for adjudication until 30 days after service, the circuit court in this case prematurely dismissed defendant's petition *sua sponte* where service was never effectuated. *Laugharn*, 233 Ill. 2d at 323. In the absence of proper service, we choose to follow *Prado* with respect to its disposition as we find it to be more in line with existing case law. Because *Laugharn* and *Vincent* demand that we base our determination as to whether the circuit court prematurely *sua sponte* dismissed a section 2-1401 petition by looking at the date of service, it necessarily follows that proper dismissal, either with or without prejudice, cannot be achieved without service or an affirmative showing that proper service was waived by the prosecution. See Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989); *Laugharn*, 233 Ill. 2d at 323-24; *Vincent*, 226 Ill. 2d at 5.

Therefore, because there is no evidence that the State was properly served in this case, the court *sua sponte* dismissed the section 2-1401 petition prematurely. In accordance with *Prado*, the appropriate disposition is to vacate and remand for further proceedings.

CONCLUSION

For the foregoing reasons, the circuit court's *sua sponte* dismissal on the merits of defendant's section 2-1401 petition was premature. We vacate the judgment of the circuit court and remand for further proceedings.

Judgment vacated; cause remanded for further proceedings.