2016 IL App (4th) 130832

NO. 4-13-0832

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| TONY A. ROLFE, | ) | No. 03CF552 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Coryell, |
| | ) | Judge Presiding. |

JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Turner and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1     Thirty-nine days after defendant, Tony R. Rolfe, filed his petition for relief from judgment (735 ILCS 5/2-1401 (West 2012)), the trial court dismissed the petition, *sua sponte*. Defendant appeals on the ground that his petition was unripe for adjudication. See *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). The record fails to affirmatively show the petition was unripe for adjudication. Therefore, we affirm the trial court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3     On March 16, 2007, a jury found defendant guilty of the first degree murder of Sheila Wilson (720 ILCS 5/9-1 (West 2002)).

¶ 4     On April 25, 2007, the trial court sentenced defendant to imprisonment for 50 years.

¶ 5        On July 15, 2013, defendant filed a petition for relief from judgment (735 ILCS 5/2-1401 (West 2012)).  The proof of service, attached to his petition, states only that on June 25, 2013, he put the petition "in the prison mail system at Stateville Correctional Center ***, to be mailed to the clerk of the circuit court of Macon County."  The proof of service says nothing, one way or the other, about serving the petition on the State.

¶ 6        On August 23, 2013, the trial court dismissed the petition, *sua sponte*.  The order of dismissal says, in part:

> "The motion seeks to re-litigate the issue of him being charged as a principal but the Jury being instructed on accountability the position is meritless [*sic*].
>
> The State's Attorney has filed no response to the Defendant's motion although more than 30 days have passed.  The motion raised no new factual matters that would have been unknown to the Defendant at the time of trial nor does it demonstrate any question to believe the judgment is void.
>
> Therefore, no relief could be granted on the motion and the motion is therefore dismissed."

¶ 7        This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9        In his appeal, defendant makes no argument on the merits of his petition for relief from judgment.  Instead, he takes the position that until the petition is ripe for adjudication, any discussion of the merits of the petition would be premature.  He argues the petition is unripe for adjudication until 30 days pass after service of the petition on the State pursuant to Illinois

Supreme Court Rule 105 (eff. Jan. 1, 1989), and he represents he has not yet served the petition on the State. See Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989) (judgment by default may be taken unless the respondent files an answer or appearance within 30 days after service); Ill. S. Ct. R. 106 (eff. Aug. 1, 1985) ("Notice of the filing of a petition under section 2-1401 *** shall be given by the same methods provided in Rule 105 ***."); *Laugharn*, 233 Ill. 2d at 323.

¶ 10 To evaluate this argument by defendant, we consider the analysis of the supreme court in *People v. Carter*, 2015 IL 117709. In *Carter*, the trial court dismissed the defendant's section 2-1401 petition, *sua sponte*, more than 30 days after he filed the petition. *Id.* ¶ 6. On appeal, the defendant argued his petition was unripe for adjudication because Rules 105 and 106 required service on the State by certified or registered mail and all his proof of service said was that he had served the petition on the State by putting it in the "institutional mail" at the correctional facility, without saying, one way or the other, whether the petition had been sent to the State by certified or registered mail. (Internal quotation marks omitted.) *Id.* ¶ 7.

¶ 11 The supreme court rejected the defendant's argument because the record "[did] not affirmatively demonstrate there *was* deficient service." (Emphasis in original.) *Id.* ¶ 18. The supreme court explained that, as the appellant, the defendant "ha[d] the burden to present a sufficiently complete record such that the court of review [could] determine whether there was the error claimed by the appellant." *Id.* ¶ 19. Without a record affirmatively showing the claimed error, a court of review would presume the trial court followed the law. *Id.* "To serve as a basis for [the] defendant's contention of error, [the proof of service had to] *affirmatively* establish that [the] defendant mailed his petition via some means other than certified or registered mail." (Emphasis added.) *Id.* ¶ 20. It did not do so.

- 3 -

¶ 12        A proof of service that fails to mention the State at all as an addressee is effectively the same as a proof of service that lists the State as an addressee but fails to specify whether the mailing was by certified or registered mail. Either way—regardless of whether the petitioner sent the State nothing or, alternatively, sent the petition to the State by regular mail (as opposed to certified or registered mail)—the result is the same: there has been no legally effective service, and the 30-day clock does not begin ticking. See Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989); R. 106 (eff. Aug. 1, 1985). For that reason, no meaningful distinction can be made between the proof of service in *Carter* and the proof of service in the present case. Both fail to affirmatively show effective service on the State—and, by the same token, both fail to affirmatively show the lack of effective service on the State. The silence of the record is not the affirmative showing of error required of an appellant. See *Carter*, 2015 IL 117709, ¶¶ 20, 23. Defendant never asked the trial court to reconsider its decision on the ground that he had not yet served the State. See 735 ILCS 5/2-1203(a) (West 2014); *Carter*, 2015 IL 117709, ¶ 25 ("[A]ny section 2-1401 petitioner who seeks to use, on appeal, his own error, by way of allegedly defective service, in an effort to gain reversal of a circuit court's *sua sponte* dismissal of his or her petition on the merits, must affirmatively demonstrate the error via proceedings of record in the circuit court."). Consequently, we are left with a record inadequate to support the claim of error. See *id.* ¶ 23.

¶ 13        It is true that, in its brief, "the State does not contest the deficient service." We decline, however, to accept a concession that the record fails to support. See *id.* ¶ 22 ("As far as any arguable concession is concerned, it is well established that we, as a court of review, are not bound by a party's concession.").

¶ 14                              III. CONCLUSION

- 4 -

¶ 15        For the foregoing reasons, we affirm the trial court's judgment.

¶ 16        Affirmed.