NO. 4-04-0846    Filed 2/15/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from
          Plaintiff-Appellee,           )    Circuit Court of
          v.                            )    Morgan County
MILDRED L. LAUGHARN,                     )    No. 95CF75
          Defendant-Appellant.          )
                                        )    Honorable
                                        )    Richard T. Mitchell,
                                        )    Judge Presiding.
_____

          JUSTICE STEIGMANN delivered the opinion of the court:

          In August 2004, defendant, Mildred L. Laugharn, filed a

petition under section 2-1401 of the Code of Civil Procedure (735

ILCS 5/2-1401 (West 2004)), seeking to set aside her November

1996 first-degree-murder conviction (720 ILCS 5/9-1(a)(1) (West

1996)).  In September 2004, the trial court sua sponte dismissed

defendant's petition as untimely filed.

          Defendant appealed, arguing only that the trial court's

sua sponte dismissal of her section 2-1401 petition was error.

Specifically, she contended that the trial court lacked authority

to take that action.  This court disagreed and affirmed.  People

v. Laugharn, No. 4-04-0846 (August 1, 2006) (unpublished order

under Supreme Court Rule 23).

          On September 26, 2007, the Supreme Court of Illinois

denied defendant's petition for leave to appeal but directed this

court to vacate our judgment and to reconsider it in light of

People v. Vincent, 226 Ill. 2d 1, 871 N.E.2d 17 (2007).  People

v. Laugharn, 225 Ill. 2d 656, 873 N.E.2d 936 (2007) (nonprece-

dential supervisory order on denial of petition for leave to appeal).  In accordance with the supreme court's directions, we vacate our earlier judgment and reconsider it in light of Vincent to determine whether a different result is warranted.

In Vincent, the supreme court wrote that "[t]he question raised in this case was whether a trial court may dispose of a properly served section 2-1401 petition without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling and the opportunity to address the court prior to the ruling."  Vincent, 226 Ill. 2d at 5, 871 N.E.2d at 21.  The supreme court ultimately held that a trial court possesses the authority to dispose of a properly served section 2-1401 petition sua sponte without a responsive pleading.  Vincent, 226 Ill. 2d at 13, 871 N.E.2d at 26.  The supreme court further held that when a trial court "enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, that order will be reviewed, on appeal, de novo."  Vincent, 226 Ill. 2d at 18, 871 N.E.2d at 28.  See People v. Ryburn, No. 4-04-0836, slip op. at 8-12 (February 7, 2008), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (in which this court recently discussed the supreme court's decision in Vincent at some length).

After reconsidering our earlier judgment in light of Vincent to determine whether a different result is warranted, we again conclude that the trial court correctly ruled against defendant sua sponte, dismissing her petition with prejudice.  As part of our judgment, we award the State its $50 statutory

assessment against defendant as costs of this appeal.

Affirmed.

MYERSCOUGH, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

I respectfully dissent and would reverse and remand.

In ruling on a section 2-1401 petition in a criminal case, a trial court may not summarily dismiss the petition as "frivolous or *** patently without merit" as permitted under the Post-Conviction Hearing Act. 725 ILCS 5/122-2.1(a)(2) (West 2004); Vincent, 226 Ill. 2d at 10-11, 871 N.E.2d at 24-25. The trial court may, however, sua sponte-as it would in civil cases --dismiss the case for failure to state a cause of action. Vincent, 226 Ill. 2d at 14, 871 N.E.2d at 26. A civil case may not be dismissed simply because the trial court believes it has little merit. A motion to dismiss raises an issue of law as to the legal sufficiency of the allegations in the complaint. A motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover. Ostendorf v. International Harvester Co., 89 Ill. 2d 273, 280, 433 N.E.2d 253, 256 (1982).

The trial court in this case did not dismiss the petition because its allegations did not provide a legal basis for relief under section 2-1401. Instead, the court dismissed the petition as untimely because the two-year period had expired. As I stated in my original dissent in this case:

> "When the trial court dismissed defen-
> dant's section 2-1401 petition for being
> untimely, the court did not afford defendant
> the opportunity to respond. Under section 2-

- 4 -

1401, a petition 'must be filed not later than 2 years after the entry of the order or judgment.  Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.'  735 ILCS 5/2-1401(c) (West 2004).  Defendant could also have avoided the two-year limitations period if she could show that the judgment against her was void.  See Anderson, 352 Ill. App. 3d 936, 817 N.E.2d at 1002.  Had the trial court given defendant the opportunity, defendant may have presented an acceptable explanation for the delay.  Defendant may then have demonstrated a meritorious claim.  On the other hand, defendant may not have had any explanation for the lengthy delay and the court could have quickly disposed of defendant's claim."  Laugharn, slip order at 5 (Cook, J., dissenting) (unpublished summary order under Supreme Court Rule 23(c)(2)).

It is not clear that no set of facts could ever be proved in this case that would allow defendant to show the petition was timely.  The trial court should allow a litigant the opportunity to amend the petition when so doing could yield a

- 5 -

meritorious claim. <u>Vincent</u>, 226 Ill. 2d at 13 n.3, 871 N.E.2d at 26 n.3. Even a postconviction petition may not be summarily dismissed, at the first stage, as untimely. The time requirement for filing a postconviction petition is considered an affirmative defense that may be raised, waived, or forfeited by the State. <u>People v. Boclair</u>, 202 Ill. 2d 89, 101, 789 N.E.2d 734, 742 (2002).