(No. 106203.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MILDRED LAUGHARN, Appellant.

*Opinion filed May 21, 2009.*

Michael J. Pelletier, State Appellate Defender, Gary R. Peterson, Deputy Defender, and Arden J. Lang, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Chris Reif, State's Attorney, of Jacksonville (Michael A. Scodro, Solicitor General, and Michael M. Glick and Katherine D. Saunders, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Petitioner, Mildred Laugharn, petitioned for post-judgment relief pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2004)) in the circuit court of Morgan County. The circuit court, *sua sponte*, dismissed her petition because it was untimely, and a divided panel of the appellate court affirmed. No. 4—04—0846 (unpublished order under Supreme Court Rule 23) (*Laugharn I*). In exercise of our supervisory authority, we vacated the judgment of the appellate court and remanded the cause for further consideration in light of *People v. Vincent*, 226 Ill. 2d 1 (2007). A majority of the appellate court again affirmed. 378 Ill. App. 3d 981 (*Laugharn II*). We granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315. For the reasons which follow, we vacate the judgments of the appellate court and the circuit court, and remand this cause to the circuit court for further proceedings.

## BACKGROUND

Laugharn was convicted in 1996 of the first degree murder of her husband, and she was sentenced to 28 years' incarceration. The conviction was affirmed. *People v. Laugharn*, 297 Ill. App. 3d 807 (1998). Laugharn filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1998)). This petition was dismissed in July 1999, and that judgment was affirmed. No. 4—99—0592 (unpublished order under Supreme Court Rule 23).

On August 24, 2004, Laugharn filed the instant *pro se* petition pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2004)). She alleged that, since the time of her direct appeal, she discovered that "certain evidence was either withheld from the trial or at the time not known by the court or [Laugharn], but has a direct bearing" on her case, and listed several grounds to support her assertion.

On September 2, 2004, the circuit court *sua sponte* dismissed that petition for being untimely. The docket entry states: "Without \*\*\* addressing the insufficiency of \*\*\* the petition, the court finds that the petition was filed far beyond the two-year limitation as required in 735 ILCS 5/2—1401(c) and therefore the petition is dismissed."

A majority of the appellate court affirmed the dismissal, holding that circuit courts have "the authority to *sua sponte* dismiss section 2—1401 petitions based on their inherent authority to control their courtrooms and their dockets."

Justice Cook dissented. He was troubled that Laugharn had not been afforded notice and the opportunity to respond. Justice Cook noted that section 2—1401 includes several exceptions which toll the two-year time period in which a petition must be filed, and suggested that, had the circuit court initially allowed Laugharn to amend, either she could have provided an acceptable explanation for the delay, or the court could have quickly disposed of the claim absent an adequate explanation.

We initially denied Laugharn's petition for leave to appeal, but ordered the appellate court to reconsider its ruling in light of *Vincent*. On remand, the appellate court again affirmed, and Justice Cook again dissented. 378 Ill. App. 3d 981 (*Laugharn II*). The majority concluded that *Vincent* did not compel a different result (378 Ill. App. 3d at 982), while Justice Cook found the case distinguishable (378 Ill. App. 3d at 983 (Cook, J., dissenting)).

## ANALYSIS

Laugharn contends that the circuit court's *sua sponte* dismissal of her section 2—1401 petition, solely on the basis of timeliness, was improper. The State counters that Laugharn has forfeited this argument by failing to raise this specific allegation in the appellate court. The State asserts that this court has already rejected Laugharn's

contention in *Vincent,* and, because the appellate majority properly applied *Vincent,* its judgment should be affirmed.

Laugharn acknowledges that the appellate court did not expressly hold that an *untimely* petition may be *sua sponte* dismissed. She contends, instead, that because the circuit court dismissed her petition for untimeliness, the appellate court's holding necessarily includes the more narrow holding that untimely petitions are subject to *sua sponte* dismissal. We agree.

The issue of the timeliness of the petition was before the appellate court. In fact, there was nothing else before that court to review other than Laugharn's *pro se* petition and the circuit court's docket entry, which left no doubt that the single ground for the dismissal was the circuit court's determination that the petition was untimely. Laugharn's argument has not been forfeited.

We review the dismissal of a section 2—1401 petition *de novo. Vincent,* 226 Ill. 2d at 18.

Section 2—1401 allows for relief from final judgments more than 30 days after their entry, provided the petition proves by a preponderance of evidence certain elements. See 735 ILCS 5/2—1401 (West 2004); *Smith v. Airoom, Inc.,* 114 Ill. 2d 209, 220-21 (1986) (identifying existence of meritorious defense and diligence in both the original action and the collateral proceeding as elements). A section 2—1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2—1401(c) (West 2004). However, the time period during which the person seeking relief is "under legal disability or duress" or where "the ground for relief is fraudulently concealed" is to be "excluded in computing the period of 2 years." 735 ILCS 5/2—1401(c) (West 2004).[1]

---

[1] However, where a petitioner seeks to vacate a final judgment as being void (735 ILCS 5/2—1401(f) (West 2004)), the allegations of voidness "substitute[ ] for and negate[ ] the need to allege a

Laugharn filed her *pro se* petition with the circuit court on August 24, 2004. Seven court days later, on September 2, 2004, the circuit court entered its *sua sponte* dismissal order. The circuit court's *sua sponte* dismissal of defendant's petition before the conclusion of the usual 30-day period to answer or otherwise plead was premature and requires *vacatur* of the dismissal order. While *Vincent* allows for *sua sponte* dismissals of section 2—1401 petitions, it did not authorize such action prior to the expiration of the 30-day period. *Vincent*, 226 Ill. 2d at 5. In *Vincent*, the State's failure to answer the petition within the time for doing so resulted in "an admission of all well-pleaded facts," which rendered the petition "ripe for adjudication." *Vincent*, 226 Ill. 2d at 10.

Laugharn's petition, in contrast, was not "ripe for adjudication." Only seven days had passed since its filing. The circuit court's dismissal short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plead. Section 2—1401 requires that notice be given as provided by rule. 735 ILCS 5/2—1401(b) (West 2004). Rule 106 governs the methods of notice to be used for petitions filed pursuant to section 2—1401 and provides that "[n]otice of the filing of a petition under section 2—1401 *** shall be given by the same methods provided in Rule 105." 134 Ill. 2d R. 106. In turn, Rule 105(a) contains several requirements to be set forth in the notice, including that the responding party must "file[ ] an answer or otherwise file[ ] an appearance in the office of the clerk of the court within 30 days after service, receipt by certified or registered mail, or the first publication of the notice, as the case may be, exclusive of the day of service, receipt or first publication." 134 Ill. 2d R. 105(a). See also *Vin-*

---

meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). See also *Vincent*, 226 Ill. 2d at 7 n.2 (same).

*cent*, 226 Ill. 2d at 17 n.5 (noting the various types of responsive motions that have been applied to section 2—1401 proceedings).

Accordingly, we vacate the judgments of the appellate court and the circuit court, and remand this cause to the circuit court for further proceedings in accord with this opinion. We express no opinion on the merits of the argument raised by defendant.

## CONCLUSION

For the foregoing reasons, the judgments of the appellate court and the circuit court are vacated. This cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgments vacated;*
*cause remanded.*