NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190609-U

NO. 4-19-0609

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JERMAINE L. DAVIS, | ) | No. 11CF1525 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

---

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1  *Held:*    The trial court erred in dismissing defendant's petition to vacate judgment before
30 days had passed after the petition was filed.

¶ 2        On August 1, 2019, defendant Jermaine L. Davis filed a petition to vacate

judgment pursuant to section 2-1401 of the Code of Civil Procedure (Procedure Code) (735

ILCS 5/2-1401 (West 2018)).  On August 13, 2019, the trial court dismissed his petition as

frivolous and patently without merit.  Defendant appeals.  We vacate the trial court's order

dismissing defendant's petition and remand for further proceedings.

¶ 3                            I. BACKGROUND

¶ 4        This court's order affirming defendant's first degree murder conviction in his

direct appeal (*People v. Davis*, 2013 IL App (4th) 120486-U) summarizes what occurred in this

case leading to the victim's death.  For the sake of this appeal, we note defendant hit the victim

multiple times on September 16, 2011, both before and after the victim lost consciousness. This happened in front of a woman who was seeing both defendant and the victim. Defendant told another witness he had been in a confrontation with the victim and knocked the victim out. Defendant demanded the woman help defendant carry the victim's body out of the apartment building. The victim was later found outside the building, breathing but unresponsive. The victim later died at the hospital. Dr. John Scott Denton, the forensic pathologist who performed the victim's autopsy, estimated the victim had been hit approximately 24 times causing 42 separate injuries. According to Dr. Denton, the victim died from multiple blunt force trauma resulting from injuries to his head and neck. *Davis*, 2013 IL App (4th) 120486-U, ¶¶ 6-7.

¶ 5    On August 1, 2019, defendant filed his petition to vacate judgment pursuant to section 2-1401(f) of the Procedure Code (735 ILCS 5/2-1401(f) (West 2018)). The petition stated defendant was arrested without a warrant on September 17, 2011, for aggravated battery (720 ILCS 5/12-4 (West 2010)). At a hearing on September 18, 2011, the trial court determined the State had probable cause to arrest defendant. The court set defendant's bail at $500,000 and scheduled defendant's arraignment hearing for September 19, 2011, at 1:30 p.m. On September 18, 2011, at 12:54 p.m., the victim died. At the arraignment hearing on September 19, defendant discovered the State had dropped the aggravated battery charge and was now charging him with two counts of first degree murder for causing the victim's death. Defendant argued the judgment in this case is void and should be vacated because the State did not have evidence establishing probable cause and did not have a preliminary hearing before filing the murder charges against defendant. Defendant points to the fact the victim's autopsy had not occurred when the State charged defendant with murder. He contended the trial court did not have subject matter jurisdiction. Defendant also argued he was illegally detained on a void $500,000 bond based on

- 2 -

the aggravated battery complaint and the murder charges were never actually filed.

¶ 6          On August 13, 2019, the trial court entered an order dismissing defendant's petition as frivolous and patently without merit. This appeal followed.

¶ 7                              II. ANALYSIS

¶ 8          Although not argued by defendant, the trial court erred in dismissing defendant's section 2-1401 petition because the court *sua sponte* dismissed the petition less than two weeks after it was filed without giving the State the opportunity to respond. Trial courts have the power to *sua sponte* dismiss section 2-1401 petitions. *People v. Vincent*, 226 Ill. 2d 1, 12-14, 871 N.E.2d 17, 25-26 (2007). However, a court may not do so prior to the expiration of the 30-day period during which the State may answer the petition or file some other pleading. *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009).

¶ 9          Pursuant to our supreme court's ruling in *Laugharn*, we vacate the trial court's order dismissing defendant's section 2-1401 petition and remand this case for further proceedings. We express no opinion on the merits of the issues raised by defendant.

¶ 10                          III. CONCLUSION

¶ 11         For the reasons stated, we vacate the trial court's order dismissing defendant's section 2-1401 petition and remand this case for further proceedings.

¶ 12         Vacated and remanded for further proceedings.