2021 IL App (1st) 210194-U

FIFTH DIVISION
November 12, 2021

No. 1-21-0194

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 98 CR 22085 |
| | ) | |
| CARL BLACKSHEAR, | ) | |
| | ) | Honorable Thomas Joseph Hennelly, |
| Petitioner-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The circuit court erred in denying petitioner's section 2-1401 petition *sua sponte* before the State's time to respond had expired. Vacated and remanded.

¶ 2   In 2000, defendant Carl Blackshear was convicted of criminal sexual assault and sentenced to 30 years' imprisonment. In December 2020, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)) (petition). Without the benefit of a responsive filing by the State, the circuit court denied the petition as frivolous and patently without merit *sua sponte*. We vacate the denial of the petition

and remand the case for further proceedings because the circuit court denied the petition before it was, as defined by the relevant case law, "ripe for adjudication."

¶ 3                                    BACKGROUND

¶ 4     The resolution of this appeal turns entirely on procedural considerations. Consequently, we limit our recital of the facts to those relevant to our analysis. After a bench trial, the circuit court convicted defendant of three counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 1998)) and sentenced him to consecutive terms of 10 years' imprisonment on each count. This court affirmed his convictions and sentences on direct appeal. *People v. Blackshear*, No. 1-00-0484 (2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5     In his *pro se* section 2-1401 petition, defendant alleged that his convictions are void and unconstitutional. The petition argued that the statute under which defendant was convicted did not apply to the specific conduct alleged against him and that the evidence was insufficient to support his convictions. On December 9, 2020, defendant placed the petition in the correctional mail system. The petition bears stamps indicating that the circuit court "received" it on December 28, 2020, and that it was "filed" on December 29.

¶ 6     At a status hearing on January 12, 2021, an assistant state's attorney told the circuit court, "I don't have anything on" defendant's section 2-1401 petition. Defendant was not present in court. The court announced that it had reviewed the petition and found it to be "frivolous and, patently, without merit." The court then denied the petition.

¶ 7     This appeal follows.

¶ 8                                    ANALYSIS

¶ 9     On appeal, defendant asserts two claims of error by the circuit court. First, he argues that the court erred in denying his petition *sua sponte* before the expiration of the State's time to

respond. Second, he contends that the circuit court improperly recharacterized his section 2-1401 petition as a petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)). This court reviews the dismissal of a section 2-1401 petition *de novo*. *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009).

¶ 10    "Section 2-1401 allows for relief from final judgments more than 30 days after their entry, provided the petition proves by a preponderance of evidence certain elements." *Id.* at 322. (citing 735 ILCS 5/2-1401 (West 2004)). After a section 2-1401 petition is filed, the respondent must "file[] an answer or otherwise file[] an appearance in the office of the clerk of the court within 30 days of service ***." *Id.* at 323 (quoting Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989)[1]). If the respondent does not file a response within the allotted time, all well-pleaded facts are deemed to be admitted, and the petition is "ripe for adjudication." *Id.* (quoting *People v. Vincent*, 226 Ill. 2d 1, 10 (2007)). If "it is clear on its face that the requesting party is not entitled to relief as a matter of law," the trial court may then dismiss the petition *sua sponte*. *Vincent*, 226 Ill. 2d at 10 (2007). However, the court may not do so "before the conclusion of the usual 30-day period to answer or otherwise plead." *Laugharn*, 233 Ill. 2d at 323.

¶ 11    The issue, then, is whether the State's 30-day window had closed before the circuit court denied the petition. It is undisputed that defendant placed the petition in the correctional mail system on December 9, 2020. The parties agree that pursuant to Illinois Supreme Court Rule 12(c), service was complete on December 13, 2020. See Ill. S. Ct. R. 12(c) (eff. July 1, 2017) ("Service by U.S. mail is complete four days after mailing."). The thirtieth day after December 13, 2020, was January 12, 2021. The State contends that January 12 was, therefore, the first day on which

---

[1] Rule 105 was amended December 29, 2017, with a new effective date of January 1, 2018. The relevant portion of the text was unchanged.

the court could rule on the petition. However, section 1.11 of the Statute on Statutes provides, in relevant part, that "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and *including the last *** .*" (Emphasis added). 5 ILCS 70/1.11 (West 2020). Therefore, the State had up to *and including* January 12 to respond to the petition. Because the State had until the end of the day on January 12 to file a response, the petition was not yet "ripe for adjudication" when the circuit court denied it. We must, therefore, vacate the circuit court's order. *Laugharn*, 233 Ill. 2d at 323.

¶ 12    Having concluded that the circuit court erred in prematurely ruling on the petition, we do not reach defendant's claim that the court erred in recharacterizing it as a petition for postconviction relief. Recasting a *pro se* section 2-1401 petition as a postconviction petition is not necessarily improper. Indeed, our supreme court has "urge[d] judges to consider recasting pleadings that warrant such treatment." *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005). If the circuit court elects to do so on remand, it simply must comply with the requirements set forth in the relevant case law. See, *e.g.*, *id.* (requiring that the trial court notify the petitioner of its intent to recharacterize the pleading, admonish the petitioner of the restrictions on subsequent postconviction petitions, and provide the petitioner with an opportunity to withdraw or amend the petition).

¶ 13                                CONCLUSION

¶ 14    We vacate the circuit court's order denying defendant's section 2-1401 petition and remand for further proceedings.

¶ 15    Vacated and remanded.