2023 IL App (1st) 180831-U

Nos. 1-18-0831 and 1-18-1630 (cons.)

Order filed May 30, 2023.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 95 CR 13773 |
| | ) | |
| | ) | The Honorable |
| GODFREY JONES, | ) | Nicholas R. Ford and |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judges Presiding. |

PRESIDING JUSTICE LAVIN delivered the judgment of the court.
Justice Coghlan concurred in the judgment.
Justice Pucinski specially concurred.

**ORDER**

¶ 1    *Held*: In appeal No. 1-18-1630, we affirm the circuit court's *sua sponte* denial of defendant's petition for relief from judgment where, as a matter of law, the petition lacked merit. Appeal No. 1-18-0831 is dismissed where the circuit court effectively vacated the underlying order after the notice of appeal was filed but while a timely motion to reconsider pended.

Nos. 1-18-0831 and 1-18-1630 (cons.)

¶ 2    Defendant Godfrey Jones appeals *pro se* from orders of the circuit court that twice *sua sponte* denied his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). The first order, entered on February 23, 2018, underlies appeal No. 1-18-0831. The second order, entered on June 1, 2018, underlies appeal No. 1-18-1630. In this consolidated appeal, defendant contends that his petition stated a meritorious claim that his conviction for aggravated battery with a firearm was void. For the following reasons, we dismiss appeal No. 1-18-0831 and affirm the judgment of the circuit court in appeal No. 1-18-1630.

¶ 3    Defendant was charged with multiple offenses arising from a shooting on March 31, 1995, in Chicago. In July 1996, defendant pleaded guilty to aggravated battery with a firearm injuring another person (720 ILCS 5/12-4.2(a)(1) (West 1994)) and received an eight-year prison sentence. The record does not reflect that defendant filed a postplea motion or direct appeal.

¶ 4    Defendant filed a *pro se* pleading titled "Motion to Vacate Conviction [and] Render Judgement [*sic*] As Void As Predicate On Unconstitutional Grounds," citing section 2-1401 of the Code. The circuit court file-stamped the petition on February 8, 2018. Defendant claimed that his conviction for aggravated battery with a firearm was void because, in *People v. Cervantes*, 189 Ill. 2d 80 (1999), the Illinois Supreme Court found the underlying legislation, Public Act 88-680 (eff. Jan. 1, 1995), violated the single-subject rule. A certificate of service stated that defendant, from prison, mailed a copy of the petition to the State on January 22, 2018.

¶ 5    During proceedings before the Honorable Nicholas R. Ford on February 23, 2018, the clerk described defendant's filing as a "petition to withdraw his guilty plea and vacate sentence." Judge Ford stated that the petition was "denied." The court's half-sheet for that date includes a

handwritten notation, "petition to withdraw denied." The record does not reflect that a prosecutor was present or that the State otherwise responded to the petition. On February 27, 2018, the clerk of the circuit court notified defendant that the court had denied his "motion to withdraw guilty plea and vacate conviction" on February 23, 2018.[1]

¶ 6       In the interim, on February 26, 2018, defendant mailed a *pro se* motion to supplement the petition for relief from judgment, which the circuit court file-stamped on March 7, 2018. Defendant sought to "enter" a copy of his inmate search page from the website of the Illinois Department of Corrections.

¶ 7       Defendant subsequently mailed a *pro se* motion to reconsider the judgment of February 23, 2018. A handwritten notation on a coversheet indicates the circuit court received the motion on March 15, 2018, and that it would be heard on April 23, 2018. In the motion, defendant denied filing a motion to withdraw his guilty plea. Rather, defendant maintained that he had filed a section 2-1401 petition. He asserted that his petition challenged his conviction as void for originating in unconstitutional legislation, Public Act 88-680.

¶ 8       Additionally, defendant mailed a *pro se* notice of appeal from the order of February 23, 2018, which the circuit court file-stamped on March 20, 2018, initiating appeal No. 1-18-0831. Defendant stated he had filed a section 2-1401 "motion to vacate conviction & render judgement [*sic*] as void as predicate [*sic*] on unconstitutional statute," which the court denied as a " 'motion to withdraw guilty plea,' without any findings of fact & conclusions of law." Defendant did not mention the motion to reconsider.

---

[1]The clerk's letter stated that this order was entered by the Honorable Timothy Joyce.

¶ 9    On April 23, 2018, according to the circuit court's half-sheet, the cause was continued to April 27, 2018. The half-sheet for April 27, 2018, states that Judge Ford recused himself due to "prior knowledge." The record does not indicate that Judge Ford's order of February 23, 2018, was vacated. On May 1, 2018, the cause was transferred to the Honorable James B. Linn. The half-sheet for May 1, 2018, states that the cause was continued to June 1, 2018, "for 30 day review" of "pro se 1401."

¶ 10    During proceedings on June 1, 2018, Judge Linn stated that defendant's "pro se 1401 petition is wholly without merit and is denied." The half-sheet for that date states, "pro se 1401 w/out merit" and "denied." Neither the court's oral comments nor the half-sheet referenced Judge Ford's order of February 23, 2018, or the motion to reconsider.

¶ 11    Defendant mailed a *pro se* notice of appeal from the order of June 1, 2018, which the circuit court file-stamped on June 28, 2018, initiating appeal No. 1-18-1630. The notice described the subject order as the denial of defendant's "motion to vacate conviction & render judgement [*sic*] as void as predicate [*sic*] on unconstitutional statute," and did not mention the motion to reconsider.

¶ 12    On July 17, 2019, this court entered an order consolidating appeal Nos. 1-18-0831 and 1-18-1630.

¶ 13    In this *pro se* appeal, defendant contends that the circuit court erred in dismissing his petition for relief from judgment because the petition stated a meritorious claim that his conviction for aggravated battery with a firearm was void for resting upon a facially unconstitutional statute.

¶ 14    At the outset, we have an independent duty to determine our jurisdiction. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 18. Whether jurisdiction exists presents a question of law, which we review *de novo. In re Marriage of Crecos*, 2021 IL 126192, ¶ 11.

¶ 15 Section 2-1401 of the Code provides a "a civil remedy that extends to both criminal and civil cases." *People v. Stoecker*, 2020 IL 124807, ¶ 18. Generally, "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 233 (2005). "The filing of a notice of appeal is the jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011).

¶ 16 To confer this court with jurisdiction, a notice of appeal must generally be filed within 30 days after the entry of the final judgment from which the appeal is taken. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). If a timely postjudgment motion is filed, the time for filing a notice of appeal is tolled and the appealing party must file a notice of appeal "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id.*; see also 735 ILCS 5/2-1203(a) (West 2018) (generally, motions to reconsider must be filed within 30 days after the judgment at issue). If a party files a notice of appeal before the entry of the order disposing of the last pending postjudgment motion, the notice becomes effective when the order disposing of the last pending postjudgment motion is entered. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 17 Here, the circuit court denied defendant's petition for relief from judgment on February 23, 2018. The court received defendant's motion to reconsider on March 15, 2018, followed by his notice of appeal on March 20, 2018, which initiated appeal No. 1-18-0831. The motion to reconsider was timely filed within 30 days of judgment. As the record does not reflect that the

circuit court disposed of the motion to reconsider, the notice of appeal never became effective. See *id.*

¶ 18    On April 27, 2018, while the motion to reconsider and the notice of appeal pended, the circuit court transferred the case from Judge Ford to Judge Linn. Then, on June 1, 2018, Judge Linn denied the petition for relief from judgment on the merits. Considering the record as a whole, the transfer of the case to Judge Linn and the new judgment effectively vacated the judgment of February 23, 2018.[2] As the judgment underlying appeal No. 1-18-0831 was vacated, that appeal must be dismissed. See *In re Estate of Cerami*, 2018 IL App (1st) 172073, ¶ 31 ("our jurisdiction is limited to the review of appeals from final judgments, unless otherwise permitted under the Illinois Supreme Court Rules or by statute" (citing *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989))).

¶ 19    Turning to appeal No. 1-18-1630 from the judgment of June 1, 2018, defendant, as noted, argues that his section 2-1401 petition for relief from judgment stated a meritorious claim that his conviction for aggravated battery with a firearm rests upon a facially unconstitutional statute, and

---

[2]We note two bases for this conclusion. First, defendant's motion to reconsider specifically and correctly argued that he had not filed a motion to withdraw his plea, which was how his filing was referenced at the February 23, 2018, hearing and in the clerk's letter notifying him that his pleading was denied. Rather, defendant had filed a section 2-1401 petition. A motion to withdraw his plea would have been untimely. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (a motion to withdraw a guilty plea must be filed "within 30 days of the date on which sentence is imposed"). A section 2-1401 petition alleging voidness, as defendant did here, may be filed at any time. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32.

Second, a section 2-1401 petition may not be *sua sponte* dismissed before 30 days have passed from the date of filing unless the State has responded. *People v. Laugharn*, 233 Ill. 2d 318, 323-24 (2009). Defendant filed his section 2-1401 petition on February 8, 2018. The circuit court's *sua sponte* denial of the petition on February 23, 2018, was therefore premature. *Id.*

Given that Judge Ford recused himself on the date the motion to reconsider was to be heard, and a subsequent half-sheet from Judge Linn expressly states the cause was continued "for 30 day review" of "pro se 1401," the circuit court presumably acted to correct the mischaracterization of the pleading.

therefore, the circuit court erred in dismissing it. Specifically, he contends that his conviction relied on Public Act 88-680, which the supreme court found unconstitutional in *Cervantes*.

¶ 20   Through a section 2-1401 petition, a party may bring facts to the circuit court's attention, which if known by the court at the time it entered the final order or judgment, would have prevented the entry of that judgment or order. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Generally, a section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2016). Certain exceptions to the limitation period exist, including when a final judgment allegedly relies "on a facially unconstitutional statute that is void *ab initio*." *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 21   Public Act 88-680 had no bearing on defendant's conviction. He was convicted of aggravated battery with a firearm causing injury to another person arising from an incident on March 31, 1995. See 720 ILCS 5/12-4.2(a)(1) (West 1994). Public Act 88-680 increased the sentencing range for a different offense, aggravated battery with a firearm predicated on injuring a peace officer, firefighter, or emergency medical technician. See Pub. Act 88-680, § 35 (eff. Jan. 1, 1995). Thus, when the supreme court in *Cervantes* struck down the public act as facially unconstitutional for violating the single-subject rule (*Cervantes*, 189 Ill. 2d at 98), the provision under which defendant was convicted remained unchanged. Therefore, defendant's conviction for aggravated battery with a firearm is not void, the claim in his section 2-1401 petition is not meritorious, and the circuit court did not err in denying the petition.

¶ 22   For the foregoing reasons, we dismiss appeal No. 1-18-0831 and affirm the judgment of the circuit court in appeal No. 1-18-1630.

¶ 23   No. 1-18-0831, Dismissed.

¶ 24    No. 1-18-1630, Affirmed.

¶ 25    JUSTICE PUCINSKI, specially concurring:

¶ 26    I agree with the majority on the substantive law involved.

¶ 27    However, I am deeply concerned that way too much time and confusion resulted from the Clerk of the Circuit Court's cavalier mischaracterization of the defendant's motion.  I urge our Appellate Clerk to send a copy of this decision to the Clerk of the Circuit Court with a request to improve the training of in-court clerks.