NOTICE
Decision filed 03/03/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250088-U

NO. 5-25-0088

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 22-CF-1165 |
| | ) | |
| MICHAEL D. STANLEY, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court did not err in dismissing the defendant's section 2-1401 petition for relief from judgment, where the petition's claims were not cognizable as grounds for relief under section 2-1401. Because no argument to the contrary would have arguable merit, the defendant's appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2   The defendant, Michael D. Stanley, is serving an aggregate sentence of 19 years in prison for two counts of unlawful possession of weapons by a felon. There was no direct appeal. In 2024, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The circuit court dismissed the petition *sua sponte*, and the defendant appealed from the dismissal. This court appointed the Office of the State Appellate Defender (OSAD) as his appellate counsel. OSAD has concluded that this appeal lacks arguable merit and, on that basis, has filed a motion for leave to withdraw as

1

counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a supporting memorandum of law. OSAD properly served the defendant with notice. This court gave him an opportunity to file a response to OSAD's motion, but the defendant has not filed a response. Having reviewed OSAD's *Finley* motion and memorandum, and having examined the entire record on appeal, this court agrees with OSAD's assessment of this appeal.

¶ 3                                    I. BACKGROUND

¶ 4      On September 12, 2022, the State charged the defendant with five counts (counts I-V) of being an armed habitual criminal, a Class X felony. See 720 ILCS 5/24-1.7(a), (b) (West 2020). The circuit court appointed counsel for the defendant.

¶ 5      On July 14, 2023, the parties appeared before the circuit court. The State, without objection by the defendant, filed two additional counts against the defendant, counts VI and VII. Each count charged him with unlawful possession of weapons by a felon, a Class 2 felony. See *id.* § 24-1.1(a), (e). In count VI, the defendant was alleged to have possessed a Rossi .357 revolver on August 12, 2022. In count VII, he was alleged to have possessed a Ruger AR-556 firearm on that same date. The State and defense counsel informed the court of a plea agreement, under which the defendant would plead guilty to counts VI and VII and would be sentenced to consecutive prison terms of 10 years and 9 years, respectively, for an aggregate sentence of 19 years, while counts I through V would be dismissed, along with the charges in an unrelated felony case.

¶ 6      Addressing the defendant, the court reiterated the terms of the agreement, adding that a one-year term of mandatory supervised release (MSR) would follow the prison terms. When the court asked the defendant whether he understood the agreement, he answered, "Yes, sir." The court admonished the defendant in full compliance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) (admonitions to defendant in hearings on pleas of guilty). The defendant indicated his

understanding of his rights. He signed written jury waivers as to counts VI and VII. He indicated that he was pleading guilty to those two counts knowingly and voluntarily, that no one was forcing him or threatening him to plead guilty, and that no promises apart from the plea agreement had been made. He also indicated that the court did not initiate the plea negotiations and that his attorney had answered all his questions to his satisfaction. For a factual basis for the defendant's pleas, the State offered, *inter alia*, that on August 12, 2022, Decatur police officers searched the defendant's residence, and in or near a safe, they found "a large quantity of firearms," including a Rossi .357 revolver and a Ruger AR-556. The State also noted that it could produce a certified copy of the defendant's conviction, in Macon County case No. 12-CF-199, for manufacture or delivery of a controlled substance. Defense counsel stipulated to that evidence. The court found a factual basis existed.

¶ 7    The court entered judgment on the pleas. The court dismissed counts I through V in this case, as well as the counts in the unrelated felony case. The court sentenced the defendant to imprisonment for 10 years on count VI and 9 years on count VII, with the sentences to run consecutively, followed by a year of MSR. The court admonished the defendant about his appeal rights, including the need to file a motion to withdraw guilty pleas, in full compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) (admonishments after judgment and sentence entered on a negotiated plea of guilty). The defendant indicated that he did not have any questions about his appeal rights.

¶ 8    On July 25, 2023, the defendant filed, by and through plea counsel, a motion to withdraw his guilty pleas. He claimed that he could not be charged with being an armed habitual criminal because, at the time he committed one of the predicate felonies for that offense, he was only "a teen." On August 29, 2023, he filed, by and through plea counsel, an amended motion to withdraw

3

his guilty pleas. He claimed that he "should not have plead [*sic*] guilty to consecutive sentences *** as he felt he was intimidated and coerced into pleading guilty to two counts of the same charge." In the prayer for relief, the defendant asked that the court "reconsider his consecutive sentences and re-sentence him to concurrent sentences on both counts."

¶ 9 On October 4, 2023, the parties were again before the circuit court. The defendant was present in the custody of the Department of Corrections. Defense counsel represented to the court that the defendant wished to withdraw his posttrial motions. The court asked the defendant whether it was true that he did not wish to proceed with his motion to withdraw guilty plea, and the defendant answered, "Yes, sir." The defendant indicated that no one had forced him or threatened him to withdraw his motion. The court showed that the motions to withdraw guilty pleas were withdrawn.

¶ 10 On October 11, 2024, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)). In the petition, the defendant raised two claims. The first of the two claims was "inaffective asistance of consaul [*sic*]." The facts supporting the first claim were as follows: "My attorney let the state combine 2 cases statements & witnesses. To pressure me into taking a plea. That I didn't fully understand." The second of the two claims was "One case, One crime, One sentence." The facts supporting the second claim were as follows: "I only have one charge which I was giving consecitive sentences on [*sic*]." In the prayer for relief, the defendant asked the circuit court to "enter an order in this cause granting a Petition For Relief From Judgment."

¶ 11 On December 6, 2024, the defendant filed a *pro se* motion for a default judgment. He noted that more than 30 days had passed since he filed his petition for relief from judgment, and in that time, the State had not filed an answer to the petition. He asked the circuit court to grant him relief.

4

¶ 12    On January 16, 2025, the circuit court entered an order that dismissed the defendant's section 2-1401 petition. According to the court, the defendant's claims were not cognizable as grounds for relief from judgment under section 2-1401 of the Code. (The court did not address the defendant's *pro se* motion for a default judgment.)

¶ 13    On February 5, 2025, the defendant filed a notice of appeal. This court appointed OSAD as the defendant's appellate counsel.

¶ 14                                    II. ANALYSIS

¶ 15    The defendant appeals from the circuit court's dismissal of his section 2-1401 petition for relief from judgment. As noted previously, OSAD has filed a *Finley* motion to withdraw as counsel. In the legal memorandum that accompanies this motion, OSAD raises the potential issue of whether it was error for the circuit court to dismiss the section 2-1401 petition. Dismissal of a 2-1401 petition is reviewed *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 14 (2007).

¶ 16    Section 2-1401(a) states that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2-1401(a) (West 2022). See *People v. Haynes*, 192 Ill. 2d 437, 460 (2000) (section 2-1401 provides "a comprehensive statutory procedure" by which final orders and judgments may be vacated after 30 days from their entry). Section 2-1401 "is a civil remedy that extends to criminal cases as well as to civil cases." *Vincent*, 226 Ill. 2d at 8. A section 2-1401 petition "is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *Haynes*, 192 Ill. 2d at 461. However, such a petition "is not designed to provide a general review of all trial errors nor to substitute for direct appeal." (Internal quotation marks omitted.) *Id.*

5

¶ 17    "To obtain relief under section 2-1401, the defendant 'must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief.' " *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003) (quoting *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)). "A meritorious defense under section 2-1401 involves errors of fact, not law." *Id*.

¶ 18    Here, the defendant did not set forth allegations supporting the existence of a meritorious defense. His claims did not involve errors of fact.

¶ 19    The first claim in the defendant's section 2-1401 petition was that his plea counsel had provided him with ineffective assistance. Ineffective-assistance claims "do not challenge the factual basis for the judgment," and therefore they are inappropriate for a section 2-1401 proceeding. *Id.* at 567.

¶ 20    The second claim in the petition was that the one-act-one-crime rule had been violated. The one-act, one-crime rule prohibits convictions for multiple offenses that are based on precisely the same physical act. *People v. Coats*, 2018 IL 121926, ¶ 11 (citing *People v. King*, 66 Ill. 2d 551, 566 (1977)). This claim did not involve any alleged errors of fact that were unknown to the defendant or the court at the time judgment was entered. See *Haynes*, 192 Ill. 2d at 461. Everyone knew, all along, the pertinent facts of this case—that on August 12, 2022, the defendant possessed both a Rossi .357 revolver and a Ruger AR-556 firearm. In his claim, the defendant argued only that the legal consequences of his behavior could not include the imposition of two consecutive prison sentences. In other words, he argued an error of law, not fact, which cannot be a meritorious defense under section 2-1401. See *Pinkonsly*, 207 Ill. 2d at 565.

¶ 21    Finally, the circuit court did not err when it did not grant the defendant a default judgment, as he had requested in his motion of December 6, 2024. The defendant filed his section 2-1401 petition on October 11, 2024. The State had 30 days to answer or otherwise plead in response to the petition (*People v. Laugharn*, 233 Ill. 2d 318, 323 (2009)), but it was not required to file a responsive pleading. *Vincent*, 226 Ill. 2d at 9. After 30 days had passed from the petition's filing, the petition was "ripe for adjudication." *Id.* at 9-10. It was only then—and specifically on January 16, 2025, or 97 days after the petition was filed—that the circuit court entered an order adjudicating the petition, *i.e.*, dismissing it. See *id.* at 9 (dismissal is one of five possible types of final dispositions in section 2-1401 litigation). For the reasons stated above, dismissal of the petition was not error.

¶ 22                                    III. CONCLUSION

¶ 23    The circuit court did not err in dismissing the defendant's section 2-1401 petition for relief from judgment. No meritorious argument challenging the dismissal can be raised. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 24    Motion granted; judgment affirmed.