NOTICE
Decision filed 04/29/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241279-U

NO. 5-24-1279

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 19-CF-957 |
| | ) | |
| HERBERT C. SHAH, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOLLINGER delivered the judgment of the court.
Justices Barberis and Clarke concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court comported with basic notions of fairness and the rules of civil practice when considering defendant's section 2-1401 petition, and did not err in dismissing as untimely defendant's section 2-1401 petition for relief from judgment. Because no argument to the contrary would have merit, defendant's appellate counsel is granted leave to withdraw, and the trial court's judgment is affirmed.

¶ 2    Defendant, Herbert C. Shah, is serving prison sentences for aggravated discharge of a firearm and unlawful possession of a weapon by a felon on mandatory supervised release (MSR). This court affirmed the judgment of conviction. *People v. Shah*, 2022 IL App (4th) 210244-U. He now appeals from the trial court's denial of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this

1

appeal lacks arguable merit, and on that basis, OSAD has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD properly served notice on defendant, and this court gave him ample opportunity to file a written response to OSAD's *Finley* motion, but defendant has not filed a response. This court has examined OSAD's *Finley* motion and memorandum of law, the record on appeal, and the decision in the defendant's direct appeal. This court concludes that this appeal does indeed lack merit. Accordingly, this court grants OSAD leave to withdraw as counsel and affirms the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4                                      A. Charges

¶ 5      In 2019, defendant was charged in a four-count information with aggravated discharge of a firearm, two counts of unlawful possession of a weapon by a felon on MSR, and possession of a stolen firearm. The count for possession of a stolen firearm was dismissed prior to trial. Three counts remained for trial.

¶ 6                                     B. First Trial

¶ 7      In September 2020, the first of two jury trials was held in this cause. At the end of the first trial, the jury acquitted defendant of one count of unlawful possession of a weapon by a felon on MSR. However, the jury deadlocked on the two other counts, leading the trial court to declare a mistrial on those counts.

¶ 8                                    C. Second Trial

¶ 9      In November 2020, a second jury trial was held on the two counts on which the first jury had deadlocked—aggravated discharge of a firearm and one of the two counts of unlawful possession of a weapon by a felon on MSR. For the State, 15 witnesses testified. Defendant did

not present evidence. The State's largely circumstantial evidence showed that defendant and Robert Grady became involved in an altercation that escalated into defendant's repeatedly firing a handgun in the direction of Grady. Grady did not testify at either of defendant's trials. At the end of the second trial, the jury found defendant guilty of both aggravated discharge of a firearm and unlawful possession of a weapon by a felon on MSR.

¶ 10                                    D. Sentencing, Post-Sentencing

¶ 11    On February 9, 2021, the trial court sentenced defendant to 22 years in prison for aggravated discharge of a firearm and 10 years in prison for unlawful possession of a weapon by a felon on MSR. The two sentences were to be served concurrently, and they were to be followed by two years of MSR.

¶ 12    Defendant filed a motion to reduce sentence and an amended motion to reduce sentencing. After a hearing, the trial court denied the amended motion. Defendant perfected an appeal from the judgment of conviction. Appellate counsel was appointed for him.

¶ 13                                    E. Direct Appeal

¶ 14    On direct appeal to the Appellate Court, Fourth District, defendant presented various arguments, including that the State had failed to prove defendant guilty beyond a reasonable doubt of aggravated discharge of a firearm. The court rejected all of defendant's arguments and affirmed the trial court's judgment of conviction. *People v. Shah*, 2022 IL App (4th) 210244-U.

¶ 15                              F. Postconviction Petition; Appeal Pending

¶ 16    On July 19, 2023, defendant *pro se* filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). On November 28, 2023, the trial court appointed postconviction counsel for defendant. Counsel, on behalf of defendant, filed a supplemental postconviction petition. The State filed a motion to dismiss both the *pro se* petition

and the supplemental petition. The trial court entered a written order that dismissed most of defendant's claims but advanced some to the third stage of postconviction proceedings. On October 4, 2024, the court conducted a third-stage evidentiary hearing. Days after that hearing, the court entered a written order that denied the postconviction petition. Defendant perfected an appeal. Appellate counsel was appointed for defendant. The appeal, No. 5-24-1099, remains pending in this court.

¶ 17    G. Section 2-1401 Petition for Relief from Judgment: Subject of the Instant Appeal

¶ 18    In the midst of the postconviction proceedings in the trial court, and specifically on August 29, 2024, the circuit clerk file-stamped the pleading that is the subject of the instant appeal— defendant's *pro se* petition for relief from judgment, pursuant to section 2-1401 of the Code. There was no proof of service or any other indication of the date on which defendant placed his petition in the prison mail system. Defendant alleged that at his second trial, the State intentionally used perjured testimony from Detective Corey Phenicie of the Champaign Police Department, one of its nonoccurrence witnesses, who testified falsely that he had attempted to serve Robert Grady with a subpoena for the trial but that he had been unable to locate Grady. According to defendant, Phenicie's testimony created the impression that Grady was purposefully avoiding Phenicie and the service of a subpoena when, in fact, the State never had caused a subpoena to be issued for Grady. The section 2-1401 petition was silent as to its timeliness or untimeliness.

¶ 19    Accompanying the section 2-1401 petition were five pieces of "supporting evidence," as defendant described them. These pieces of evidence consisted of five pages from the reports of proceedings of November 5, 2020, December 30, 2020, and February 9, 2021.

¶ 20    On September 5, 2024, the State filed a one-page motion to strike defendant's *pro se* section 2-1401 petition. The basis for the State's motion was that defendant's filing of a *pro se*

4

petition at a time when he was represented by appointed counsel violated the Illinois prohibition on hybrid representation. The trial court denied the State's motion to strike.

¶ 21    On October 1, 2024, the State filed a hybrid motion to dismiss the section 2-1401 petition under sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2022)). In the motion to dismiss, the State alleged, *inter alia*, that defendant's petition was untimely because it had been filed more than two years after the entry of the judgment of conviction on February 9, 2021.

¶ 22    On October 17, 2024, defendant filed a response to the State's motion to dismiss. In his response, defendant stated, *inter alia*, that although his section 2-1401 petition had been filed more than two years after the trial court's entry of the judgment of conviction, it was still timely because (1) he was "under legal disability" and (2) Detective Phenicie's trial testimony had been "fraudulently concealed." He explained that his legal disability took the form of "his obvious lack of legal qualifications and limited legal resources being in prison [*sic*], and never filing or ever known [*sic*] about a 2-1401 petition." He elaborated that Detective Phenicie's testimony would still be concealed if his postconviction counsel had not informed him that "in fact there was not a subpoena filed or attempted to be filed by the State for Robert Grady in the States [*sic*] discovery he had obtained for original petition."

¶ 23    On November 12, 2024, the trial court entered a written order granting the State's motion and dismissing defendant's section 2-1401 petition. The court found, *inter alia*, that the petition was filed more than two years after the judgment of conviction was entered, and that defendant had not alleged any facts showing legal disability, duress, or fraudulent concealment.

¶ 24    On defendant's behalf, the circuit clerk filed a notice of appeal from the dismissal of the section 2-1401 petition. The circuit court appointed OSAD as defendant's appellate counsel.

¶ 25                              II. ANALYSIS

¶ 26    This appeal is from the trial court's dismissal of defendant's section 2-1401 petition for relief from judgment. The judgment from which defendant sought relief was the judgment of conviction that was entered by the trial court on February 9, 2021. As previously noted, defendant's appellate counsel, OSAD, has filed a *Finley* motion and a supporting memorandum of law. In the memorandum, OSAD raises two potential issues for review, namely: (1) whether the trial court erred in dismissing the petition for relief from judgment, and (2) whether the trial court failed to comply with procedural requirements in dismissing the petition. This court agrees with OSAD that neither issue has arguable merit.

¶ 27    Section 2-1401(a) of the Code states that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2-1401(a) (West 2022). Section 2-1401 "is a civil remedy that extends to criminal cases as well as to civil cases." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). In a criminal case, a section 2-1401 petition "is the forum *** in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000).

¶ 28    With certain exceptions inapplicable here, a section 2-1401 petition must be filed "not later than 2 years after the entry of the order or judgment" from which relief is sought. 735 ILCS 5/2-1401(c) (West 2022). However, "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." *Id.* A section 2-1401 petitioner must make a "clear showing" that he was under legal disability or duress or that the grounds for relief were fraudulently concealed. *People v. Caballero*, 179 Ill. 2d 205, 210-11 (1997).

6

¶ 29    A trial court has no discretion to grant a section 2-1401 petition after the two-year limitations period has expired, absent one of the bases specified in the statute, *i.e.*, legal disability, duress, or fraudulent concealment. *City of Rockford v. Gilles*, 2022 IL App (2d) 210521, ¶ 69. Even if a reviewing court thought that the circumstances warranted an extension of the limitations period, the granting of such an extension would depart from the plain language of section 2-1401, and therefore an extension cannot be allowed. *Id.*

¶ 30    On appeal, the dismissal of a section 2-1401 petition is considered *de novo* to the extent it raises legal questions. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 49-51; *Vincent*, 226 Ill. 2d at 18. Here, the propriety of the dismissal turns on legal questions.

¶ 31    This court first addresses OSAD's first potential issue, namely, whether the trial court erred in dismissing the petition for relief from judgment. Defendant complained of the judgment of conviction that was entered on February 9, 2021. He filed his section 2-1401 petition for relief from judgment on August 29, 2024. Thus, from the date the judgment was entered to the date the petition was filed, more than 3 years and 4 months had passed. Defendant clearly did not file his petition within two years of the judgment.

¶ 32    In his response to the State's motion to dismiss, defendant stated that he was under a "legal disability" due to a lack of legal training and legal resources. Section 1.06 of the Statute on Statutes defines a person under legal disability as

"a person 18 years or older who (a) because of mental deterioration or physical incapacity is not fully able to manage his or her person or estate, or (b) is a person with mental illness or is a person with developmental disabilities and who because of his or her mental illness or developmental disability is not fully able to manage

7

his or her person or estate, or (c) because of gambling, idleness, debauchery or excessive use of intoxicants or drugs, so spends or wastes his or her estate as to expose himself or herself or his or her family to want or suffering." 5 ILCS 70/1.06 (West 2024).

¶ 33 A lack of legal training or legal resources does not qualify defendant as a person under a legal disability, as contemplated by section 1.06. Defendant does not assert, nor could he credibly suggest, that his lack of training or resources amounted to mental deterioration, a mental illness, etc., that rendered him "not fully able to manage his *** person or estate." See *id.*

¶ 34 Defendant also alleged that his claim was fraudulently concealed by the State because postconviction counsel had informed him that the State had never caused a subpoena to be issued for Grady. As OSAD states in its *Finley* memorandum, "This assertion does not support [the allegation] that the State fraudulently concealed anything from [defendant]. Instead, it merely shows the issue was not discovered until post[ ]conviction counsel reviewed the record."

¶ 35 Defendant failed to file his section 2-1401 petition for relief from judgment within two years of the complained-of judgment. Furthermore, defendant did not make a clear showing that legal disability, duress, or fraudulent concealment had resulted in any time being excluded from the computation of the two-year period. The petition was untimely.

¶ 36 OSAD's second potential issue is whether the trial court failed to comply with procedural requirements in dismissing the section 2-1401 petition. "Illinois courts have recognized that basic notions of fairness dictate that a [section 2-1401] petitioner be afforded notice of, and a meaningful opportunity to respond to, any motion or responsive pleading by the State." *People v. Stoecker*, 2020 IL 124807, ¶ 20. Section 2-1401 is a civil remedy, and therefore proceedings under this section are subject to the rules of civil practice. *Vincent*, 226 Ill. 2d at 8. For example, the State

has 30 days to answer a defendant's section 2-1401 petition or to otherwise plead. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009).

¶ 37 Defendant filed his section 2-1401 petition for relief from judgment on August 29, 2024. One week later, the State filed a motion to strike the petition. However, the trial court denied the motion to strike, and the court ordered the State to respond to the section 2-1401 petition by a date certain. The State complied, filing a motion to dismiss the section 2-1401 petition. The court granted defendant time to respond to that motion to dismiss, which defendant did. Approximately four weeks later, on November 12, 2024, the court entered its order dismissing defendant's section 2-1401 petition. In short, the procedures followed by the court were fair. Defendant had a meaningful opportunity to respond to the State's motion to dismiss his petition.

¶ 38                                   III. CONCLUSION

¶ 39 Defendant's section 2-1401 petition was untimely, and the procedures that resulted in the petition's dismissal comported with basic notions of fairness and the rules of civil practice. No argument to the contrary would have merit. Accordingly, this court grants OSAD leave to withdraw as counsel for defendant and affirms the judgment of the trial court.

¶ 40    Motion granted; judgment affirmed.